## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**LARRY T. ZGURO,**
   **Petitioner,**

  **v.**

**THOMAS MCGINLEY, ET AL.,**
   **Respondents.**

**No. 1:20-CV-01300**

**(Judge Rambo)**

## <u>MEMORANDUM OPINION</u>

Petitioner Larry T. Zguro, a pre-trial detainee housed at the Dauphin County Prison in Harrisburg, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his continued five month incarceration after his maximum release date on a prior state court sentence. (Doc. 1.) Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely. (Doc. 11.) Petitioner has filed no reply, and the time for doing so has now expired. (*See* Doc. 9.) For the reasons discussed below, the court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

## I. BACKGROUND

Petitioner alleges that he was convicted of theft by unlawful taking on May 23, 2014, in the Court of Common Pleas of Dauphin County. (Doc. 1 at 1.) He was sentenced to eighteen to thirty-six months' imprisonment. (*Id.*) In the petition, Petitioner alleges that he "was held 5 months and 8 days over my max date" of February 28, 2017. (*Id.* at 5.) According to Petitioner, he received

notification of his max release date by a Pennsylvania Board of Probation and

Parole (the "Parole Board") decision dated August 3, 2017.  (*Id.*)  Petitioner filed

the instant habeas petition on July 30, 2020.  (*See* Doc. 1.)

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") outlines the

applicable statute of limitations for Petitioner's habeas petition, and it provides, in

pertinent part:

> (1) A 1-year period of limitations hall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

In assessing a case involving a parole determination, courts have held that §

2244(d)(1) provides that the one-year AEDPA statute of limitations period applies

to a habeas petition challenging an administrative parole decision.  *See McAleese v. Brennan*, 483 F.3d 206, 212–13 (3d Cir. 2007).  *See also Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (§ 2244 one-year limitations period applies to habeas petition challenging administrative decision); *Garrison v. Wilson*, No. 06-cv-3566, 2007 WL 2318156, at \*4 (E.D. Pa. Aug.10, 2007) ("The one (1) year limitations period found in § 2244(d)(1) applies to any challenge by a prisoner to the denial of parole and to the calculation of his sentence.").

The start date applicable in this situation is found in § 2244(d)(1)(D), which provides that the statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *See Cameron v. Kerestes*, No. 13-cv-2159, 2014 WL 201078, at \*4 (M.D. Pa. Jan. 16, 2014).  In the typical circumstance, it is the denial of parole that is the factual circumstance that triggers the statute of limitations to run.  *See McAleese*, 483 F.3d at 217 ("a parole denial . . . can, and in this case does, constitute the 'factual predicate' of a habeas corpus claim under § 2254.").

Petitioner's circumstance differs from the typical circumstance in that he appears not to be challenging the denial of his parole but the Board's notification on August 3, 2017, that his max release date should have been February 28, 2017. Accordingly, the Court will consider the Board's notification on August 3, 2017, as the "factual predicate" of Petitioner's claim, and Petitioner thus had one-year from

that date to file a habeas corpus petition.  Petitioner here did not file the petition until July 30, 2020, which is almost two years after his statute of limitations ran on or about August 3, 2018.  The petition is thus untimely.

The Court must, however, determine whether equitable tolling may apply to Petitioner's untimely petition.  In *Holland v. Florida*, 560 U.S. 631, 649–50 (2010), the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.  *Holland*, 560 U.S. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."  *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted).  *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas

claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Respondents' answer asserted the untimeliness of Petitioner's federal habeas petition. Petitioner had an opportunity to respond to the answer, but has failed to file a reply and has not offered an explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and finds no circumstances which could potentially trigger equitable tolling. Thus, the Court will dismiss the Petition as untimely.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

## IV.   CONCLUSION

For the foregoing reasons, this Court will dismiss the petition as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability shall not issue.

An appropriate Order follows.

S/Sylvia H. Rambo
United States District Judge

Dated:  April 27, 2021